UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

– *against* –

THELONIOUS MONK,

                Defendant.

**OPINION & ORDER**

10-cr-00197 (ER)

RAMOS, D.J.:

    Thelonious Monk, proceeding pro se, has moved for compassionate release under 18 U.S.C. § 3582(c)(1), Doc. 606, and for a sentence reduction under Amendment 821 of the Sentencing Guidelines, Doc. 620. The motion for compassionate release is GRANTED. Monk's term of imprisonment is reduced to time served and his term of supervised release is reduced to three years. The motion for a sentence reduction under Amendment 821 is DENIED.

I.    BACKGROUND

    In March 2010, Monk and twenty-four other defendants were indicted for their participation in a drug trafficking organization that distributed large quantities of cocaine and crack in Orange County, New York. Doc. 2 ¶¶ 1–2. The indictment alleged that seven "core members" of the organization supplied narcotics to a network of other members—including Monk—for further distribution. *Id.* ¶¶ 2, 4. Monk was ultimately charged with conspiracy to distribute and possession with intent to distribute more than 5 kilograms of cocaine and more than 280 grams of crack in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846 (Count One). Doc. 611 at 2; *see* Doc. 312 ¶¶ 6–8. He was also charged with three counts of using a phone to facilitate a drug conspiracy in violation of 21 U.S.C. § 843(b) (Counts Two, Three, and Four). Doc. 611 at 2; *see* Doc. 312 ¶¶ 9–11. In July 2011, the government filed a prior felony information noting that

Monk had a previous conviction for a felony drug offense. Doc. 210. At the time, the effect of filing the prior felony information was that Monk faced a mandatory minimum sentence of twenty years in prison (rather than ten years) and ten years of supervised release (rather than five years) if convicted on Count One. Doc. 602 at 4:19–23; *see* PSR ¶¶ 140, 143.[1]

A jury trial began on March 12, 2012, and concluded on March 16. Monk was convicted on all counts.

Sentencing was held on May 30, 2013. Consistent with the presentence report, the Court found that Monk had a total offense level of thirty-seven and was in criminal history category VI, which resulted in a guideline range of 360 months to life. Doc. 602 at 4:16–18; *see* PSR ¶ 142. The Court sentenced Monk to the mandatory minimum of 240 months in prison on Count One and 96 months in prison on each of Counts Two, Three, and Four, all to be served concurrently. Doc. 602 at 27:3–6. And the Court imposed the mandatory minimum of 10 years of supervised release on Count One and 2 years on each of Counts Two, Three, and Four, also to be served concurrently. *Id.* at 27:6–10.

In announcing that sentence, however, the Court made clear that it thought the mandatory minimum was excessive. The Court stated: "I have, quite honestly, dreaded this sentence since Mr. Monk was convicted because I believe that this is truly a tragic situation and one that was absolutely avoidable. I believe that mistakes were made on both sides." *Id.* at 27:17–20. It questioned the government's judgment "in filing the prior felony information as early as it did," which left Monk "really . . . no choice but to go to trial." *Id.* at 27:21–24. For his part, Monk "fail[ed] to appreciate that the government had the capacity to muster the evidence necessary to obtain a conviction if required to go to trial." *Id.* at 28:5–8.

---

[1] The original presentence report is included as an attachment in Doc. 621 and is cited in this opinion as "PSR."

The Court told Monk that while it was convinced of his guilt, "what bothers me about this sentence is that I am required to consider sentencing you for such a long period of time." *Id.* at 28:20–21. On that point, the Court highlighted the "dramatic" disparity between Monk's 240-month sentence and the sentences of his co-defendants. *Id.* at 28:24–25. Other members of the distribution network, for example, received sentences of 60 months, 120 months, 121 months, 54 months, 60 months, 60 months, 63 months, 84 months, 60 months, 120 months, 60 months, 30 months, and 87 months. *Id.* at 28:25–29:7. Even the leaders of the organization received lower sentences of 210 months, 188 months, and 168 months. *Id.* at 29:22–24.

In light of these sentences and Monk's role in the organization, the Court believed that "even the minimum sentence called for under the guidelines and urged by the government will be contrary to my obligation to impose a sentence that promotes respect for the law and comports with the need to avoid unwarranted sentence disparities among similarly situated defendants." *Id.* at 30:4–8. That was true despite Monk's criminal history, the Court observed, because "your offenses, numerous as they are, are largely related to drug trafficking, street-level sales, and the more violent offenses are well back in your history." *Id.* at 30:10–13. The Court continued: "If I could, Mr. Monk, I want you to know that I would sentence you below the 20-year mandatory minimum sentence because I do not believe that you should spend more time in prison than the individuals that created and ran this enormous criminal enterprise." *Id.* at 30:14–18. Nevertheless, the Court concluded that it was required to impose the 240-month sentence, stating that "no amount of legal alchemy . . . will change the fact that 20 years mandatory statutory minimum means exactly that." *Id.* at 30:18–20.

Monk appealed on June 12, 2013. Doc. 437. On August 25, 2014, the Second Circuit affirmed his conviction and sentence. *United States v. Monk*, 577 F. App'x 8, 11 (2d Cir. 2014).[2]

Nearly eight years later, on July 13, 2022, Monk moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). Doc. 606. The government opposed Monk's motion on August 15. Doc. 611. Monk filed a reply on September 2. Doc. 612.[3]

On February 9, 2024, Monk moved for a sentence reduction pursuant to Amendment 821 of the Sentencing Guidelines. Doc. 620. On March 5, the Probation Office filed a supplemental presentence report stating that Monk was not eligible for such a reduction. Doc. 621 at 2. The government opposed the motion on March 27. Doc. 624.

Monk has now served more than fourteen years of his sentence. *See* Doc. 621 at 3. His anticipated release date is April 8, 2026. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Aug. 26, 2024).

## II.   LEGAL STANDARD

"Pursuant to 18 U.S.C. § 3582(c)(1) as modified by the First Step Act, a district court may reduce a term of imprisonment upon motion by a defendant." *United States v. Fernandez*, 104 F.4th 420, 426 (2d Cir. 2024) (quoting *United States v. Halvon*, 26 F.4th 566, 568 (2d Cir. 2022)). Three requirements must be satisfied: "First, a defendant must 'fully exhaust[]' all administrative remedies with the Bureau of Prisons. Second, a defendant must show that 'extraordinary and compelling reasons warrant such a reduction.' Third, the Section 3553(a) sentencing factors must support early release."

---

[2] In September 2021, Monk applied to the Office of the Pardon Attorney of the United States Department of Justice for a commutation of his sentence. After receiving an invitation to comment, this Court submitted a letter to the Office of the Pardon Attorney. The Court highlighted several points discussed at sentencing and stated that it believed the sentence it was required to impose was "fundamentally unfair." Monk's application remains pending. *See Search for a Case*, Office of the Pardon Attorney, U.S. Dep't of Justice, https://www.justice.gov/pardon/search-clemency-case-status (last visited Aug. 26, 2024).

[3] Monk also moved for a sentence reduction under Amendment 782 of the Sentencing Guidelines on October 19, 2023. Doc. 617. But he subsequently moved to withdraw that request. Doc. 619. His motion to withdraw is granted.

*United States v. Gil*, No. 90 Cr. 306 (KMW), 2024 WL 2875206, at *2 (S.D.N.Y. June 7, 2024) (alteration in original) (internal citations omitted) (quoting § 3582(c)(1)(A)).

### III. DISCUSSION

Monk moves for compassionate release based in part on a change in law under the First Step Act of 2018. Doc. 606 ¶¶ 3–4. Although the change is not retroactive, section 401 of the Act "reduced from twenty years to fifteen years the mandatory minimum sentence for offenses under 21 U.S.C. § 841(b)(1)(A) committed after a prior conviction for a 'serious drug felony.'" *United States v. Antomattei*, No. 12 Cr. 322 (RJS), 2022 WL 47080, at *3 (S.D.N.Y. Jan. 5, 2022). Monk argues that a sentence reduction is appropriate because he is "doing a term of confinement at least 5-years longer than Congress now deems necessary." Doc. 606 ¶ 4. He also cites his rehabilitation and the harsh conditions of confinement during the COVID-19 pandemic as extraordinary and compelling reasons for a reduction. *Id.* ¶¶ 5–6; Doc. 612 at 2.

The government responds that these circumstances do not qualify as extraordinary and compelling. Doc. 611 at 3–4. And it maintains that the § 3553(a) sentencing factors do not support a reduction. *Id.* at 4–5.[4]

The Court concludes that extraordinary and compelling reasons warrant a sentence reduction and that a reduction is consistent with the § 3553(a) factors. The Court reduces Monk's term of imprisonment to time served and reduces his term of supervised release to three years.

#### A. Extraordinary and Compelling Reasons

The Sentencing Commission is required by statute to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Brooker*, 976 F.3d 228, 232 (2d Cir. 2020) (quoting 28 U.S.C. § 994(t)). But until last year, "the Sentencing

---

[4] The government does not dispute that Monk exhausted administrative remedies by submitting his request for compassionate release to the warden at his facility. Doc. 611 at 3 n.2; *see* Doc. 606 at 6.

Commission's only guidance on this point had been promulgated prior to the enactment of the First Step Act." *United States v. Laford*, No. 11 Cr. 1032 (PAE), 2024 WL 3778890, at *3 (S.D.N.Y. Aug. 12, 2024). Because that guidance applied only to motions brought by the director of the Bureau of Prisons, it "[could not] constrain district courts' discretion to consider whether any reasons [were] extraordinary and compelling" for motions brought by defendants themselves. *Id.* (alterations in original) (quoting *Brooker*, 976 F.3d at 236). Put differently, "when assessing a motion brought by an imprisoned defendant and not the [Bureau of Prisons], a district court was not constrained by U.S.S.G. § 1B1.13's enumeration of extraordinary and compelling reasons and could 'consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release.'" *Id.* (second alteration in original) (quoting *Brooker*, 976 F.3d at 237).

In an amendment that took effect on November 1, 2023, however, the Sentencing Commission identified six circumstances that, alone or in combination, constitute extraordinary and compelling reasons for a sentence reduction. *Id.* (citing U.S.S.G. § 1B1.13(b)). Other courts have concluded that this amended guidance "now controls the analysis of a compassionate release petition, however initiated." *Id.*; *see also, e.g.*, *United States v. Feliz*, No. 16 Cr. 809 (VM), 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023) ("[T]o grant a motion for compassionate release, a court must now, in addition to finding that the other elements of the compassionate release standard are satisfied, also find that granting such relief is consistent with Policy Statement 1B1.13, which sets forth the circumstances under which an extraordinary and compelling reason for compassionate release or sentence reduction would exist." (internal quotation marks and citation omitted)).[5]

---

[5] The Court notes that the Commission's amended guidance took effect after Monk filed his motion. But the Court would reach the same conclusion under the old standard. *Cf. Gil*, 2024 WL 2875206, at *3 n.1 ("[E]ven if the Court did not consider the new Guidelines binding and had ruled on [the defendant's]

6

The first three categories enumerated by the Commission relate to the defendant's medical circumstances, age, and family circumstances. U.S.S.G. § 1B1.13(b)(1)–(3). The fourth category concerns whether the defendant has been a victim of abuse while in custody. *Id.* § 1B1.13(b)(4). The fifth and sixth categories are the most relevant to this case:

> (5) Other Reasons.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).
>
> (6) Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*Id.* § 1B1.13(b)(5)–(6).

1. *"Unusually Long Sentence"*

The Court concludes that there are extraordinary and compelling reasons for a sentence reduction because the conditions of U.S.S.G. § 1B1.13(b)(6) are all satisfied. First, Monk has served more than ten years of his term of imprisonment.

Second, Monk received an "unusually long sentence." As the Court explained at sentencing, other members of the organization's distribution network received far lower sentences. Doc. 602 at 28:25–29:7. In fact, the average sentence of the co-defendants

---

motion under the standards articulated in [] *Brooker* [] before the amended Guidelines became effective, the Court would have denied [the defendant's] motion for the same reasons discussed *supra*."). In other words, even if the new guidance did not apply, the Court would still find—for the same reasons discussed below—that extraordinary and compelling circumstances warrant a reduction in Monk's sentence. *See, e.g.*, *United States v. Gigliotti*, 687 F. Supp. 3d 353, 355–57 (E.D.N.Y. 2023) (finding extraordinary and compelling circumstances under *Brooker* based on nonretroactive change in law reducing mandatory minimum from twenty years to fifteen, noting that court had viewed sentence as excessive when imposed, and reducing sentence from twenty years to ten).

referenced by the Court was approximately 75 months—considerably less than the 240-month sentence Monk received. *See id.*; *see also United States v. Byam*, No. 12 Cr. 586 (OEM), 2024 WL 1556741, at *6 (E.D.N.Y. Apr. 10, 2024) (finding it clear that sentencing judge viewed mandatory minimum imposed as "unusually long" based on comments at sentencing); *United States v. Howard*, No. 13 Cr. 0629 (ELH), 2024 WL 112010, at *15–16 (D. Md. Jan. 10, 2024) (holding that 235-month sentence was "unusually long" compared to average length of all sentences imposed nationwide); *cf. United States v. Ballard*, 552 F. Supp. 3d 461, 468 (S.D.N.Y. 2021) (concluding that substantial disparity between defendant's and co-defendant's sentences "provides another reason to find that the extraordinary and compelling circumstances of this case warrant a sentence reduction").

Finally, a change in the law has produced "a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." With the passage of the First Step Act, a defendant in Monk's position today would face a mandatory minimum of fifteen years rather than twenty. Under the circumstances of this case, a five-year (or sixty-month) difference constitutes a gross disparity. As one court aptly explained:

> [B]y any humane measure, the difference between a 20-year and a 15-year mandatory minimum sentence is a gross disparity meriting consideration of a sentence reduction. Five years in federal prison versus five years of liberty is a sizable part of an individual's life, during which they must contend with the psychological, emotional, and social challenges inherent in incarceration. Five years of incarceration surely feels like an eternity for [the defendant]; it is almost one-quarter of his total sentence of 22 years and 15 percent of his remaining life expectancy.

*United States v. Robinson*, --- F. Supp. 3d ---, ---, No. 11 Cr. 147 (JJM) (LDA), 2024 WL 1557770, at *3 (D.R.I. Apr. 10, 2024). Other courts have concluded that comparable differences qualify as gross disparities. *See, e.g., United States v. Adley*, No. 03 Cr. 20678 (CMA), 2024 WL 1961484, at *5 (S.D. Fla. May 3, 2024) (gross disparity of five-

8

and-a-half years); *Howard*, 2024 WL 112010, at *17 (gross disparity of twenty-one months); *see also United States v. Banks*, No. 13 Cr. 00003 (NKM), 2022 WL 220638, at *4 (W.D. Va. Jan. 25, 2022) (gross disparity of eighty-eight months).

Because the conditions set out in § 1B1.13(b)(6) are met, the Court may, and does, consider the change in law under the First Step Act to be an extraordinary and compelling reason for a sentence reduction. *See Byam*, 2024 WL 1556741, at *6. Monk's other arguments—concerning harsh conditions of confinement and his rehabilitation—lend additional support to that conclusion.

2. *Conditions of Confinement*

Monk states that he has faced "extraordinary conditions of confinement" because of the COVID-19 pandemic. Doc. 606 ¶ 5. There is no doubt that pandemic-related measures "led to increased prisoner isolation and fewer program opportunities for inmates," which "created harsher than usual conditions of confinement." *United States v. Douglas*, No. 04 Cr. 1065 (CM), 2024 WL 3293765, at *3 (S.D.N.Y. July 2, 2024), *appeal filed*, No. 24-1950 (2d Cir. July 19, 2024). The Court agrees that "pandemic-induced conditions of confinement can constitute 'extraordinary and compelling' circumstances warranting compassionate release, particularly for defendants who have (i) served long sentences and (ii) been detained for the entirety of the pandemic." *United States v. Oquendo*, No. 13 Cr. 357 (KPF), 2023 WL 199609, at *5 (S.D.N.Y. Jan. 17, 2023). As one court put it, "a day spent in prison under extreme lockdown and in well-founded fear of contracting a once-in-a-century deadly virus exacts a price on a prisoner beyond that imposed by an ordinary day in prison." *United States v. Mcrae*, No. 17 Cr. 643 (PAE), 2021 WL 142277, at *5 (S.D.N.Y. Jan. 15, 2021).

Here, Monk has served a long sentence—more than fourteen years—and has been detained for the entire pandemic. He states that he has been subjected to facility restrictions and lockdowns since February 2020, and rehabilitation programs "came to an abrupt halt." Doc. 612 at 2. The pandemic thus has made Monk's incarceration "harsher

9

and more punitive than would otherwise have been the case." *United States v. Rodriguez*, 492 F. Supp. 3d 306, 311 (S.D.N.Y. 2020). The conditions of confinement that Monk has experienced further support a finding of extraordinary and compelling circumstances. *See, e.g.*, *United States v. Malloy*, No. 07 Cr. 898 (VM), 2023 WL 2237504, at *2 (S.D.N.Y. Feb. 27, 2023) (finding that harsh conditions of confinement might constitute extraordinary and compelling circumstances where defendant had spent more than fifteen years in custody, including the entirety of the pandemic).

### 3. Rehabilitation

Monk further asserts that he has made "significant efforts towards post conviction rehabilitation." Doc. 606 ¶ 5. Although "rehabilitation 'alone' does not constitute an 'extraordinary and compelling reason,' courts may consider it as a factor in determining if there are extraordinary and compelling reasons for compassionate release." *Byam*, 2024 WL 1556741, at *7 (citation omitted). A variety of circumstances may serve as evidence of rehabilitation, including "[a] clean disciplinary history, participation in educational programs, and employment." *United States v. Williams*, No. 00 Cr. 237 (VM), 2020 WL 5253205, at *6 (S.D.N.Y. Sept. 3, 2020).

Throughout his time in custody, Monk has completed several programs, "maintained a job assignment," and "maintained clear conduct." Doc. 606 ¶ 5. Monk also states that he has become a published author and has the means to start a publishing company upon his release. *Id.* And he has submitted a letter from the owner of a company providing handyman services who is willing to employ him. *Id.* at 14. In sum, Monk says, he has "finally stepped off of the self destructive path he'd been on since his adolescence. He has accomplished this by no longer blaming anyone but himself for his bad decision making." *Id.* ¶ 6. This evidence of remorse and rehabilitation—which the government does not challenge—provides additional support for the Court's conclusion that extraordinary and compelling circumstances warrant a sentence reduction. *See, e.g.*, *Byam*, 2024 WL 1556741, at *7–9.

\* \* \*

The Court therefore finds that Monk's "unusually long sentence"—both on its own and in combination with harsh conditions of confinement and his rehabilitation—is an extraordinary and compelling reason for a sentence reduction.

### B. Section 3553(a) Sentencing Factors

The Court's analysis does not end there, however, because a sentence reduction must be consistent with the § 3553(a) factors as well. *United States v. Herbert*, No. 03 Cr. 211 (SHS), 2024 WL 1931962, at *2 (S.D.N.Y. May 2, 2024). Those factors include:

> the nature and circumstances of the offense; the history and characteristics of the defendant, including age, being a non-violent offender, and remorse; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; the affordance of adequate deterrence; and the protection of the public from further crimes of the defendant.

*Id.* (citing § 3553(a)). A sentencing court must also consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(6).

The government argues that these factors do not support a sentence reduction. Doc. 611 at 4. It notes that Monk committed a serious offense and was involved in a drug trafficking organization that distributed large quantities of cocaine and crack. *Id.* The government also observes that Monk has an extensive criminal history; he has been convicted of crimes on more than ten occasions since reaching the age of eighteen. *Id.* at 4–5 (citing PSR ¶¶ 78–104). At bottom, the government says, the sentence imposed was precisely what the law required and remains appropriate today. *Id.* at 5.

The Court disagrees. At sentencing, the Court made clear that it thought the mandatory minimum sentence was excessive. The 240-month sentence was higher than the sentences Monk's co-defendants received, including the leaders of the organization. Doc. 602 at 28:22–29:24. While the Court acknowledged Monk's criminal history, it noted that "your offenses, numerous as they are, are largely related to drug trafficking,

11

street-level sales, and the more violent offenses are well back in your history." *Id.* at 30:10–13. The Court explained that if not for the mandatory minimum, it would have imposed a lower sentence "because I do not believe that you should spend more time in prison than the individuals that created and ran this enormous criminal enterprise." *Id.* at 30:16–18.

The Court's view has not changed. Although Monk's offense was serious, he has now served over 168 months (14 years) in prison. That is significantly more time than what other members of the distribution network received. *Id.* at 28:25–29:7. In light of Monk's role in the conspiracy and relative culpability, as well as his personal background and characteristics, the Court finds that the term of imprisonment he has completed is more than sufficient to satisfy the objectives of § 3553(a). And the Court does not believe that Monk poses "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2).

* * *

The Court thus concludes that compassionate release is warranted and reduces Monk's sentence to time served. The Court reduces Monk's term of supervised release to three years. *See, e.g.*, *United States v. Tazewell*, No. 07 Cr. 1035 (RMB), 2021 WL 21980, at *8 (S.D.N.Y. Jan. 3, 2021) (granting motion for compassionate release, reducing term of imprisonment to time served, and reducing term of supervised release from ten years to four).

Monk has also moved for a sentence reduction pursuant to Amendment 821 of the Sentencing Guidelines. Doc. 620. In a supplemental presentence report, the Probation Office concluded that Monk is not eligible for such a reduction. Doc. 621 at 2. The government takes the same position. Doc. 624 at 2. But even assuming that Monk is eligible for a reduction under Amendment 821, the Court would not reduce Monk's sentence any further than it already has in light of the offense conduct and the other § 3553(a) factors. *Cf. United States v. Hernandez*, No. 20 Cr. 56 (DLC), 2024 WL

12

3552789, at *3 (S.D.N.Y. July 26, 2024) ("Even if [the defendant] qualified for a reduction of sentence pursuant to Amendment 821, . . . no reduction would be appropriate."); *United States v. Sierra*, No. 11 Cr. 1032 (PAE), 2024 WL 1075408, at *3 (S.D.N.Y. Mar. 12, 2024) (collecting cases in which court denied motion for sentence reduction under Amendment 821 despite defendant's eligibility). The motion is therefore denied.

IV.   **CONCLUSION**

For the foregoing reasons, Monk's motion for compassionate release is GRANTED. The Court reduces Monk's term of imprisonment to time served and reduces his term of supervised release to three years. All other provisions of Monk's sentence shall remain in place. This order is STAYED for fifteen days to establish a release plan and make appropriate travel arrangements. If more time is needed to make those arrangements, the parties shall notify the Court. Monk's motion for a sentence reduction under Amendment 821 is DENIED.

The Clerk of Court is respectfully directed to mail a copy of this opinion to Monk. The Clerk of Court is also respectfully directed to terminate Docs. 606, 617, 619, and 620.

It is SO ORDERED.

Dated:   August 26, 2024
         New York, New York

                                                          _____
                                                          EDGARDO RAMOS, U.S.D.J.